LARRY JACOBSON, as Chairman of the Joint
Industry Board of the Electrical Industry,

     Plaintiff,

- against -

PYROSIGNAL & SUPPRESSION, INC. d/b/a
PYROSIGNAL & SUPPLY INC.,

     Defendant.

------------------------------------------------------------------x

Civil Action No. 04-CV-2519(ARR)(MDG)

## STIPULATION AND ORDER OF SETTLEMENT

    This is a Settlement Agreement ("Agreement") between Plaintiff Larry Jacobson, as Chairman of the Joint Industry Board of the Electrical Industry ("JIB") and Defendant PyroSignal & Suppression, Inc. ("PyroSignal").

### W I T N E S S E T H

    WHEREAS, the JIB audited PyroSignal for the period from the week ending January 2, 2002 through December 25, 2002 and the auditors issued a report of their findings indicating additional contributions are due to the JIB (the "Audit Claim"); and

    WHEREAS, the JIB commenced this action to collect the Audit Claim; and

    WHEREAS, PyroSignal has answered the Complaint, disputed the Audit Claim, and raised defenses; and

    WHEREAS, the Parties wish to resolve this matter without incurring additional expenses in the above cited action;

    NOW, THEREFORE, in consideration of the mutual promises set forth herein, it is agreed by and among the Parties as follows:

    1.  In the interest of resolving this matter, PyroSignal agrees to pay, and the JIB agrees to accept, a total amount of $120,000.00 (the "Settlement Amount") as payment in full for all monies and obligations owed relating to the Audit Claim, as well as for all contractual

which PyroSignal is a member, and Local Union No. 3, International Brotherhood of Electrical Workers, AFL-CIO, ("Union") for PyroSignal employees performing covered work through July 9, 2005 (the "Unasserted Claims").

2. PyroSignal represents and warrants that it has reported each and every employee who has performed work covered by a collective bargaining agreement.

3. The JIB represents, warrants, and agrees that it will not audit PyroSignal for any periods prior to the week ending January 2, 2002 or for any periods after December 25, 2002 through July 9, 2005.

4. This action shall be dismissed with prejudice and without costs to PyroSignal upon the JIB's receipt of the Settlement Amount from PyroSignal. The JIB hereby releases PyroSignal with respect to any claim the JIB made or could have made in this action, for contributions due through July 9, 2005. This release does not include any claim that has arisen or may arise in the future, if any, for withdrawal liability.

5. PyroSignal shall pay to the JIB the sum of $1,000 upon execution of this Agreement and the sum of $119,000 on October 31, 2005. PyroSignal shall make each payment by **certified or bank check** payable to the "Joint Industry Board of the Electrical Industry" and remit each such payment to Cohen, Weiss and Simon LLP, 330 W. 42nd Street, New York, NY 10036, attn: David R. Hock. *[handwritten: Final certified check contingent upon receipt of signed agreement from JIB.]*

6. PyroSignal agrees that its failure to tender any payment on the dates specified in paragraph 5 of this Agreement shall constitute a Default under this Agreement. In the event of a Default, if PyroSignal fails to cure such Default within fourteen (14) calendar days

judgment against PyroSignal for breach of this Agreement. The JIB's failure to avail itself of this remedy in the case of any one or more defaults hereunder shall not constitute a waiver of the JIB's right to avail itself of this remedy in the event of a future default. In addition, the Parties acknowledge that the JIB may avail itself of all remedies as provided under the CBAs or applicable trust agreements, in law and equity, to remedy any future default.

7. In the event PyroSignal defaults under this Agreement, the Parties agree that this Court retains jurisdiction over the enforcement of this matter and the JIB may move the Court to reopen the case to request entry of judgment against PyroSignal in the amount of $120,000.00 less any amounts paid hereunder. The affidavit of a representative of the JIB stating the payments made and the unpaid balance shall be good and sufficient proof of the unpaid balance. The parties agree that the $120,000 is a settlement of the Audit Claim and the Unasserted Claims, and PyroSignal will raise no defenses to its payment. The parties agree that the JIB has given PyroSignal a release and other good and valuable consideration for PyroSignal's promise to make payment of that amount, in accordance with the terms of this Agreement, and the JIB will raise no defense to that release.

8. PyroSignal hereby agrees to make all weekly contributions to the JIB as required under its new collective bargaining agreement, in addition to the payments required under paragraph 5 herein. PyroSignal also agrees to make contributions to the JIB retroactive to and including July 10, 2005, at the same time that PyroSignal makes the retroactive wage payments to its employees for that time period required by the recently ratified collective bargaining agreement between the NYSSA and the Union.

agreement between the NYSSA and the Union. The parties further agree that the terms of this Agreement do not set a precedent for the manner in which PyroSignal will make payments to JIB for future contributions to the Funds, or the amount of PyroSignal's future contributions to the Funds.

10. It is expressly agreed and understood by the Parties that this Agreement is made in compromise and settlement of disputed claims to avoid the expense and inconvenience of further litigation. Execution of this Agreement does not constitute, directly or indirectly, an admission of liability on the part of PyroSignal and PyroSignal expressly denies any liability to the JIB. By making this Agreement, PyroSignal does not, directly or indirectly, or by implication, admit any violation of any law, statute, regulation, administrative code, or ordinance, nor does it acknowledge its agreement with the JIB's method of calculating "gross weekly wages" under the terms of the collective bargaining agreement that expired on July 9, 2005.

11. This Agreement constitutes an agreement within the meaning of 29 U.S.C. § 1145, and shall be enforceable in federal court in the Eastern District of New York and shall be governed by, and construed in accordance with applicable federal laws.

12. Gregg A. Montgomery acknowledges that he is a principal of PyroSignal and is authorized to enter into this Agreement on behalf of PyroSignal.

13. If any provision of the Agreement is deemed illegal or unenforceable, that provision is to be deemed stricken and all the remaining provisions shall remain in full force and effect.

No representations, warranties, or promises other than those set forth in this Agreement have been made or relied upon by the JIB and PyroSignal. This Agreement shall prevail over all prior communications, verbal or written, between the Parties and/or their counsel regarding the matters contained herein.

15. This Agreement cannot be changed or terminated orally. This Agreement may be amended, modified, or supplemented, only in a written agreement executed by the Parties.

16. This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective partners, heirs, distributees, legal representatives, successors, and assigns.

17. This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute the same instrument. Facsimile executed signature pages shall be considered as original executed signature pages.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date below their signatures.

PYROSIGNAL & SUPPRESSION, INC.               JOINT INDUSTRY BOARD OF
                                             THE ELECTRICAL INDUSTRY

By: _____                  By: _____
    Gregg A. Montgomery                          Larry Jacobson
    President                                    Chairman
Dated: October   , 2005                      Dated: October   , 2005

On this 21st day of October, 2005, before me personally came Gregg A. Montgomery, who is known to me to be the person who signed the above Settlement Agreement, who being

RICHARD G. MEHNERT
NOTARY PUBLIC - STATE OF NEW YORK
NO. 01ME6048553
QUALIFIED IN QUEENS COUNTY
MY COMMISSION EXPIRES 09-25-20 06

_Richard G. Mehnert_
Notary Public

On this 7th day of October, 2005, before me personally came Larry Jacobson, who is known to me to be the person who signed the above Settlement Agreement, who being duly sworn by me did depose and say that he had the authority to execute same on behalf of the Joint Industry Board of the Electrical Industry.

_Christina Sessa_
Notary Public

CHRISTINA A. SESSA
Notary Public, State of New York
No. 02SE6011444
Qualified in Nassau County
Commission Expires Nov. 21, 2006

SO ORDERED:

_____    Date  Nov. 7, 2005
Hon. Allyne R. Ross